[Cite as *State v. Harvey*, 2020-Ohio-2683.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. CT2019-0062 |
| | : | |
| ELMER HARVEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2015-0097

JUDGMENT:                     APPEAL DISMISSED

DATE OF JUDGMENT ENTRY:       April 27, 2020

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

D. MICHAEL HADDOX                      ELMER HARVEY, PRO SE
MUSKINGUM CO. PROSECUTOR               #717-124
TAYLOR P. BENNINGTON                   Southeastern Correctional Institution
27 North Fifth St., P.O. Box 189       5900 B.I.S. Rd. SW
Zanesville, OH 43702-0189              Lancaster, OH 43130

*Delaney, J.*

{¶1} Appellant Elmer Harvey appeals from the July 5, 2019 Judgment Entry of the Muskingum County Court of Common Pleas overruling his motion to withdraw guilty plea. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's convictions upon two counts of rape is not necessary to our resolution of this appeal.

{¶3} Appellant was charged with four counts of rape pursuant to R.C. 2907.02(A)(2) and one count of kidnapping pursuant to R.C. 2905.01(A)(4), all felonies of the first degree, and entered pleas of not guilty. Counsel was appointed to represent appellant.

{¶4} On May 26, 2015, appellant withdrew his previously-entered pleas of not guilty and entered pleas of guilty to two counts of rape pursuant to R.C. 2907.02(A)(2), both felonies of the first degree. Appellant's guilty pleas were entered pursuant to a negotiated plea agreement whereby appellee agreed to dismiss the remaining counts at sentencing. Further, appellee agreed to recommend a prison term of 6 years. The trial court found appellant guilty and classified him as a Tier III sex offender.

{¶5} The matter was continued for sentencing pending completion of a pre-sentence investigation (P.S.I.). On July 8, 2015, appellant appeared for sentencing and the trial court imposed two prison terms of 8 years each, to be served concurrently. The remaining counts were dismissed.

{¶6} Appellant did not directly appeal from his convictions and sentence.

{¶7} On June 21, 2019, appellant filed a Motion to Withdraw Plea, arguing the trial court failed to inform him that his prison terms were mandatory.

{¶8} On July 2, 2019, appellee moved the trial court for an extension to respond to appellant's motion, noting that a transcript of the plea hearing had been requested and would not be ready by the trial court's deadline.

{¶9} On July 5, 2019, the trial court overruled appellant's motion to withdraw plea. However, on July 10, 2019, the trial court granted appellee's motion to extend the response time and set a new deadline for appellee's response of August 5, 2019.

{¶10} On July 18, 2019, appellant filed a Notice of Appeal from the trial court's entry of July 5, 2019. With the Notice of Appeal was filed a "Statement, Praecipe, and Notice to the Court Reporter" stating the following in pertinent part regarding the record: * * * *. "It is my understanding that the State of Ohio has recently requested a copy of the proceedings from my plea and sentencing hearing, please forward me a copy of such." * * * *.

{¶11} The transcripts, if any, of the change-of-plea and sentencing hearings have not been filed in the instant appeal by either party. A note is in the record to appellant from the Muskingum County Clerk of Court stating that the Clerk advised appellant that the transcripts were due by August 27, 2019 and had not yet been filed because no "motion for transcripts at state's expense" was filed.

{¶12} Appellant now appeals from the trial court's judgment entry of July 5, 2019.

{¶13} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶14} "APPELLANT SUBMITS FOR REVIEW THAT HIS GUILTY PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY ENTERED SINCE THE TRIAL COURT FAILED TO ADVISE HIM THAT THE RAPE OFFENSES CARRIED A MANDATORY PRISON SENTENCE AND THE TRIAL COURT FAILED TO EXPRESSLY INFORM THE APPELLANT THAT HE WAS SUBJECT TO A MANDATORY PRISON SENTENCE AND WAS NOT ELIGIBLE FOR JUDICIAL RELEASE."

## ANALYSIS

{¶15} Appellant argues the trial court should have granted his motion to withdraw his guilty pleas. Because the record is incomplete and appellant did not appeal from a final appealable order, we disagree and dismiss this appeal as premature.

{¶16} Appellant asserts that the trial court failed to advise him that his prison terms upon two counts of rape were mandatory pursuant to R.C. 2929.13(F)(2) ["* * *[T]he court shall impose a prison term * * * for any of the following offenses: [a]ny rape * * *."] Appellant provided the sentencing entry of the trial court stating "Prison term mandatory – NO."

{¶17} It is not apparent from the record why, or if, the prison terms for Counts II and III are non-mandatory as stated in the entry. We cannot determine this issue upon the record as filed by appellant because the transcripts of the change-of-plea and sentencing hearings are not before us. He asked this Court to "take judicial notice" that appellee ordered transcripts, however, appellant failed to timely move for transcripts at state expense and failed to file transcripts of the relevant hearings. In reviewing assigned

error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, **the transcript of proceedings**, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court" (emphasis added). App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Appellant argues that appellee mentioned transcripts in a motion for extension to file appellee's brief, but the responsibility of filing the record is appellant's. In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶18} Based upon the record before us, the trial court's ruling below are inconsistent; the trial court overruled appellant's motion to withdraw his plea *and* permitted appellee's request for an extension to obtain the transcripts and set a new deadline. Prior to that deadline, appellant filed the instant pro se appeal.

{¶19} It appears that the instant appeal is not, therefore, from a final appealable order. The trial court did not have the record of the relevant hearings before it, nor the response of appellee, and set a deadline of August 5, 2019 for those reasons. We are unable to properly review the trial court's decision of July 5, 2019, which is not a final appealable order and is inconsistent with the trial court scheduling a later deadline.

{¶20} Accordingly, this Court is without jurisdiction to review the July 5, 2019 Judgment Entry of the Muskingum County Court of Common Pleas overruling the motion to withdraw guilty plea.

{¶21} Therefore, we dismiss this appeal as premature.

{¶22} Appeal dismissed.

**CONCLUSION**

{¶23} Appellant's assignment of error is overruled and the instant appeal is dismissed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.